CCC:MEM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION FOR SEARCH WARRANTS FOR THE PREMISE KNOWN AND DESCRIBED AS:

THE RESIDENCE LOCATED AT LOWER LEVEL OF 640 LAKESIDE TRAIL, RIDGE, NEW YORK 11961, INCLUDING ANY LOCKED OR CLOSED CONTAINERS THEREIN (THE "SUBJECT PREMISE")

AND THE PREMISE KNOWN AND DESCRIBED AS:

A SILVER 2004 MERCEDES BENZ, MODEL CLK 55, BEARING NEW YORK STATE LICENSE PLATE NUMBER HDL7928, INCLUDING ANY LOCKED OR CLOSED CONTAINERS THEREIN (the "SUBJECT VEHICLE")

- - - - - - - - - - - - - - - - - - - - X
EASTERN DISTRICT OF NEW YORK:

AFFIDAVIT IN SUPPORT OF APPLICATION FOR <u>SEARCH WARRANTS</u>

(Fed. R. Crim. P. 41)


17- 967M

  SEAN GABAY, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

  Upon information and belief, there is probable cause to believe that there is kept and concealed within THE RESIDENCE LOCATED AT THE LOWER LEVEL OF 640 LAKESIDE TRAIL, RIDGE, NEW YORK 11961, INCLUDING ANY LOCKED OR CLOSED CONTAINERS THEREIN (the "SUBJECT PREMISE"), further described in Attachment A, AND A SILVER 2004 MERCEDES BENZ, MODEL CLK 55, BEARING

NEW YORK STATE LICENSE PLATE NUMBER HDL7928, INCLUDING ANY LOCKED OR CLOSED CONTAINERS THEREIN (the "SUBJECT VEHICLE"),[1] further described in Attachment C, within the Eastern District of New York, certain property, namely:

1. drugs, drug paraphernalia, scales, drug residue, dilutants and materials related to distributing and/or manufacturing drugs;

2. books and records, showing cash transactions, prices and quantities of drugs bought and sold;

3. books and records showing the names, addresses and telephone numbers of purchasers and suppliers of drugs, as well as the identities of confederates in drug trafficking;

4. pagers, electronic organizers, cellular telephones and related bills and receipts;

5. firearms, including firearm ammunition, shell casings, discharged rounds and holsters;

6. motor vehicle records, telephone bills, property records showing ownership of assets purchased with drug proceeds;

7. banking and financial records, to include wire transfer receipts, bank deposit and withdrawal slips and any other documents evidencing financial transactions conducted with proceeds;

8. currency used to purchase drugs, or reflecting proceeds of sales of drugs; and

9. photographs, photographic negatives (developed and undeveloped) and video tapes or disks, which show the identities of conspirators, contraband, and evidence of drug trafficking;

---

[1] The SUBJECT PREMISE and the SUBJECT VEHICLE are collectively referred to as the SUBJECT LOCATIONS.

all of which constitute evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 924(c).

1. I have been a Special Agent with HSI for over 11 years and I am currently assigned to the HSI Violent Gang and Narcotics Unit ("VGNU"). During this time, participated in numerous investigations into allegations of unlawful possession, distribution and manufacture of controlled substances, including but not limited to cocaine, cocaine base, heroin and marijuana. Further, on many occasions, I have participated in investigations involving firearms, including the discharge of firearms.[2] These investigations involved working with undercover officers, confidential informants, as well as conducting surveillance and controlled purchases of narcotics. The information contained in this affidavit comes from my discussions with other agents and law enforcement officers, cooperating witnesses and a review of the evidence related to this investigation.

The source of your deponent's information and the grounds for his belief are as follows:[3]

---

[2] Based on my training and experience, firearms are a "tool of the trade" in relation to possession and distribution of narcotics. Firearms are often times used by distributors of narcotics in an effort to protect their drugs from would be robbers or, in some instances, to protect themselves from rival narcotics dealers.

[3] Because this affidavit is submitted for the limited purpose of establishing probable cause for search warrants, I have not set forth each and every fact learned during the course of the investigation.

3

2. The government has been investigating DENNIS CARROLL, also known as "Boona" and "Cannon," for the possession and distribution of narcotics, including cocaine base. As set forth below, DENNIS CARROLL, also known as "Boona" and "Cannon," utilized the SUBJECT LOCATIONS for the possession and distribution of narcotics, including cocaine base.

3. Between July 31, 2017 and October 4, 2017, a law enforcement officer, acting in an undercover capacity (the "UC"), purchased narcotics from CARROLL in Suffolk County, New York on approximately nine occasions. On three of those occasions, July 31, 2017, August 7, 2017 and October 4, 2017, CARROLL was driving a silver 2004 Mercedes Benz, model CLK 55, bearing New York State license plate number HDL7928 (the "SUBJECT VEHICLE") when he sold drugs to the UC.

4. The SUBJECT PREMISE is a basement apartment located at 640 Lakeside Trail, Ridge, New York 11961. The SUBJECT PREMISE is located in the lower level of a single family, ranch style home with white exterior siding, gray roof, brick chimney and brown front door.

5. On or about November 7, 2017, a grand jury sitting in the Eastern District of New York returned a two-count indictment charging CARROLL with conspiracy to distribute and possess with intent to distribute 28 grams or more of a substance containing cocaine base and using a firearm in connection with that drug trafficking crime. See United States v. Dennis Carroll, 17-CR-617 (SJF). That same day, the Honorable Anne Y. Shields, United States Magistrate Judge, signed a warrant authorizing the arrest of CARROLL. The investigation has revealed that CARROLL lives at the SUBJECT PREMISE. Indeed, a

4

confidential source told law enforcement that CARROLL was living in the SUBJECT PREMISE. Additionally, law enforcement officers observed CARROLL's car, the SUBJECT VEHICLE, parked in front of the SUBJECT PREMISE on November 7, 2017.

   6. Today, November 8, 2017, law enforcement officers went to CARROLL's home at the SUBJECT PREMISE to effectuate the arrest warrant. When law enforcement officers entered the SUBJECT PREMISE, they found CARROLL in his bed room in his bed. In plain view in the living room, law enforcement officers observed a plastic bag containing a white substance, which appears to be narcotics. Right next to the plastic bag was hundreds of dollars of United States currency. Additionally, law enforcement officers observed a machine that is commonly used by narcotics traffickers to press narcotics laying on the ground in the kitchen. Moreover, law enforcement officers observed a kitchen drawer that was open with no less than three plastic bags containing substances that appear to be narcotics and a digital scale commonly used by drug traffickers to weigh narcotics. CARROLL was placed under arrest. Upon their observations, law enforcement officers secured the SUBJECT PREMISE, which has been secure since this morning's arrest, and law enforcement officers are awaiting court authorization to search the SUBJECT LOCATIONS. Additionally, law enforcement officers observed that the SUBJECT VEHICLE is currently parked in front of the SUBJECT PREMISE.

   7. Based on my training and experience and the information provided above, there is probable cause to believe that CARROLL has possessed and distributed, and continues to possess and distribute narcotics, including cocaine base utilizing the SUBJECT LOCATIONS.

8. Based on my training, experience, participation in other drug investigations, execution of search warrants, debriefing of confidential informants and extensive discussions with other experienced law enforcement officers, I am familiar with the typical distribution and trafficking methods used by drug dealers and traffickers, including the distribution of cocaine base, cocaine and heroin.

9. In a substantial number of residential and commercial searches executed in connection with drug investigations, the following kinds of drug-related evidence have typically been recovered:

a. Members of drug organizations often maintain close at hand the addresses, telephone and pager numbers of their criminal associates, photographs of their associates, indicia of their membership in the drug organization, as well as information pertaining to their sources of supply and customers, in address books, electronic organizers and on other media, physical or electronic;

b. Telephone bills and records of calls to telephones and pagers are also maintained for lengthy periods of time in defendants' homes. Such records constitute important corroborative evidence in drug conspiracy cases because the defendants call one another regularly, especially just before and after an incident involving an act committed in furtherance of the conspiracy;

c. Drug traffickers frequently maintain in their residences or stash locations quantities of controlled substances. They also maintain paraphernalia for packaging and distributing controlled substances, such as scales, plastic bags, heat-seal devices, cutting agents and other items;

6

d.      Drug traffickers frequently maintain books, records, receipts, notes, ledgers, and other documents relating to the ordering, sale and distribution of drugs. Such documents are generally maintained where the traffickers have ready access to them, such as the traffickers' residences; and

e.      Drug traffickers frequently maintain financial records evidencing the deposit and transfer of monies in their homes. Such documents are generally maintained where the traffickers have ready access to them, such as the traffickers' residences.

10.     Based upon my training and experience, as well as my discussions with other law enforcement officers, I am aware that it is generally a common practice for drug traffickers to maintain in their residences records relating to their drug trafficking activities. Because drug traffickers will "front," that is, sell on consignment, controlled substances to their clients, or alternatively, will be "fronted" controlled substances for their suppliers, such record-keeping is necessary to detail amounts paid and owed, and such records will also be maintained close at hand so as to readily ascertain current balances. Often drug traffickers keep "pay and owe" records to show balances due for drugs sold in the past ("pay") and for payments expected ("owe") as to the trafficker's supplier and the trafficker's dealer(s). Additionally, drug traffickers must maintain telephone and address listings of clients and suppliers and keep them immediately available in order to efficiently conduct their trafficking business.

11.     It is also a common practice for traffickers to conceal at their residences large quantities of United States currency, either the proceeds from drug sales or

7

monies to be used to purchase controlled substances. In this connection, drug traffickers frequently make use of wire transfers, cashiers' checks, and money orders to pay for controlled substances. Evidence of such financial transactions and records relating to income and expenditures of money and wealth in connection with drug trafficking would also typically be maintained in residences and/or offices.

12. Finally, I know, from both my professional and personal experiences, that people often maintain their cellular telephones in their residences.

13. As set forth above, CARROLL, who utilizes the SUBJECT PREMISE and the SUBJECT VEHICLE, is being investigated for conspiring to distribute and possess with intent to distribute narcotics and possession of firearms in furtherance of those crimes. Moreover, as set forth above, with regard to the SUBJECT LOCATIONS, there is probable cause to believe that evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 924(c), including the items described herein, will be kept at the premises.

14. WHEREFORE, your affiant respectfully requests that search warrants be issued, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, authorizing members of HSI and other law enforcement officers to search the SUBJECT PREMISE and SUBJECT VEHICLE and therein to seize certain property, namely:

   1. drugs, drug paraphernalia, scales, drug residue, dilutants and materials related to distributing and/or manufacturing drugs;

   2. books and records, showing cash transactions, prices and quantities of drugs bought and sold;

3. books and records showing the names, addresses, and telephone numbers of purchasers and suppliers of drugs, as well as the identities of confederates in drug trafficking, including indicia of membership;

4. pagers, electronic organizers, cellular telephones and related bills and receipts;

5. firearms, including firearm ammunition, shell casings, discharged rounds and holsters;

6. motor vehicle records, telephone bills, property records showing ownership of assets purchased with drug proceeds;

7. banking and financial records, to include wire transfer receipts, bank deposit and withdrawal slips and any other documents evidencing financial transactions conducted with proceeds;

8. currency used to purchase drugs, or reflecting proceeds of sales of drugs; and

9. photographs, photographic negatives (developed and undeveloped) and video tapes or disks, which show the identities of conspirators, contraband, and evidence of drug trafficking;

all of which constitute evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Section 924(c).

_/s/ Sean Gabay_
Sean Gabay
Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
_8_ day of November, 2017

_/s/ Anne Y. Shields_
THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

10

**Attachment A**

## ATTACHMENT A
Property to Be Searched

The SUBJECT PREMISE is a basement apartment located at 640 Lakeside Trail, Ridge, New York 11961. The SUBJECT PREMISE is located in the lower level of a single family, ranch style home with white exterior siding, gray roof, brick chimney and brown front door. A picture of SUBJECT PREMISE follows:

11

**Attachment B**

## ATTACHMENT B

Seize certain property from the SUBJECT PREMISE, namely:

1. drugs, drug paraphernalia, scales, drug residue, dilutants and materials related to distributing and/or manufacturing drugs;

2. books and records, showing cash transactions, prices and quantities of drugs bought and sold;

3. books and records showing the names, addresses and telephone numbers of purchasers and suppliers of drugs, as well as the identities of confederates in drug trafficking;

4. pagers, electronic organizers, cellular telephones and related bills and receipts;

5. firearms, including firearm ammunition, shell casings, discharged rounds and holsters;

6. motor vehicle records, telephone bills, property records showing ownership of assets purchased with drug proceeds;

7. banking and financial records, to include wire transfer receipts, bank deposit and withdrawal slips and any other documents evidencing financial transactions conducted with proceeds;

8. currency used to purchase drugs, or reflecting proceeds of sales of drugs; and

9. photographs, photographic negatives (developed and undeveloped) and video tapes or disks, which show the identities of conspirators, contraband, and evidence of drug trafficking;

all of which constitute evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 924(c).

**Attachment C**

## Attachment C
### Property to Be Searched

The SUBJECT VEHICLE is a silver 2004 Mercedes Benz, model CLK 55, bearing New York State license plate number HDL7928.

13

Attachment D

## **ATTACHMENT D**

Seize certain property from the SUBJECT VEHICLE, namely:

1. drugs, drug paraphernalia, scales, drug residue, dilutants and materials related to distributing and/or manufacturing drugs;

2. books and records, showing cash transactions, prices and quantities of drugs bought and sold;

3. books and records showing the names, addresses and telephone numbers of purchasers and suppliers of drugs, as well as the identities of confederates in drug trafficking;

4. pagers, electronic organizers, cellular telephones and related bills and receipts;

5. firearms, including firearm ammunition, shell casings, discharged rounds and holsters;

6. motor vehicle records, telephone bills, property records showing ownership of assets purchased with drug proceeds;

7. banking and financial records, to include wire transfer receipts, bank deposit and withdrawal slips and any other documents evidencing financial transactions conducted with proceeds;

8. currency used to purchase drugs, or reflecting proceeds of sales of drugs; and

9. photographs, photographic negatives (developed and undeveloped) and video tapes or disks, which show the identities of conspirators, contraband, and evidence of drug trafficking;

all of which constitute evidence, fruits and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 924(c).

14